Mayham, P. J.
We think this order should be affirmed for the reasons stated by the learned judge at special term.
Order affirmed, with ten dollars costs and printing disbursements.
All concur.
The opinion of Mr. Justice Brown in the court below was as follows:
Brown, J.
The petitioner on this motion is the owner of shares of stock in the defendant corporation, of which she became the owner in Pebruarv, 1880. She received them from the estate of her father, Luther Baffin, who was a stockholder at the date of the execution of the mortgage in suit.
Interest was paid regularly on the bonds until 1892, and annual statements, showing that mortgage bonds to the amount of $100,000 were among the liabilities of the company, were forwarded to the stockholders. It is not claimed that Mrs. Kellogg, or her father, did not know of the execution and existence of the mortgage, and it appears uncontradicted that some of the bonds were offered to her father at the time of their issue, but he declined to purchase them. Under these circumstances the petitioner cannot be permitted to plead as a defense to an action to foreclose the mortgage that it was not properly executed, or that it was not authorized by the owners of two-thirds of the capital stock. Acquiescence after such lapse of time will be presumed. Kent v. Quicksilver Mining Co., 78 N. Y., 159 ; Skinner v. Smith, 134 id., 240; 47 St. Rep., 528.
The claim that $32,000 of the bonds have been paid by the company does not rest upon the assertion of any fact. It is fully met in the affidavit of Mr. Caswell, and the transaction explained, and it affirmatively appears that none of the bonds were paid bj the company. The defense of usury cannot be pleaded to the mortgage in suit. The petition does not make out a prima facie case, and if all the facts set forth in the moving papers were be *418 fore the trial court, the plaintiffs would be entitled to a decree directing a sale of the mortgaged property.
The motion must be denied.